575 F.2d 1009
 1977-2 Trade Cases 61,611, 1978-1 Trade Cases 62,612
 CITY OF DETROIT et al.
v.
GRINNELL CORPORATION et al., Bay Fair Shopping Center, Exxon
Corporation, Friendswood Development Company, Garden State
Plaza Corporation, International Lubricant Corporation and
Shell Oil Company, Claimants, Appellants.
 Nos. 316, 1202 and 1203, Dockets 76-7252, 76-7253 and 76-7254.
 United States Court of Appeals,
Second Circuit.
 Submitted April 13, 1977.
Decided Aug. 30, 1977.
Motion to Amend Mandate Submitted March 2, 1978.
Motion Decided May 22, 1978.
 
 Lord, Day & Lord, New York City (Gordon B. Spivack, Thomas D. Brislin, New York City, of counsel); David Berger, P.A., Philadelphia, Pa. (David Berger, H. Laddie Montague, Jr., Philadelphia, Pa., of counsel), for class representatives-appellees.
 Howrey & Simon, Washington, D. C. (William Simon, Robert E. Hebda, Washington, D. C., of counsel), for class members-appellants.
 Before MOORE and MULLIGAN, Circuit Judges.
 MOORE, Circuit Judge:
 
 
 1
 David Berger, P.A. (Berger), counsel for class representatives, by motion (Rule 37, F.R.A.P.), requests this court to amend its mandate, issued on November 28, 1977, which contained no instructions as to the allowance of interest. The motion, on what is in effect a nunc pro tunc basis, asks us to include such instructions in an amended mandate. Since the omission of such instructions as to interest was an oversight, the motion is granted.
 
 
 2
 Only attorneys' fees and interest thereon are now involved. The original judgment (January 26, 1973) awarded Berger $1,500,000 for his legal services in connection with this suit. By two subsequent decisions, 495 F.2d 448 (1974) and 560 F.2d 1093 (1977), this court reduced the amounts sought to $333,073.25. In addition, it was claimed that expenses of $53,267.00 had been incurred for the employment of paraprofessionals and $27,505.00 for certified public accountants a total of $413,845.25. Berger seeks 6% interest on this amount from January 26, 1973, the date of the original judgment.
 
 
 3
 First, appellants claim that this motion is untimely. The action was commenced in mid-1968; the judgment originally awarding attorneys' fees was entered on January 26, 1973. Appellants' appeal consumed the next four years. Time, when matched against equity, must take a subordinate position. The argument of untimeliness is rejected.
 
 
 4
 Although the somewhat pertinent cases cited by appellants and appellee have been considered, in essence, applications for attorneys' fees should be judged on the specific facts pertinent to the particular case.
 
 
 5
 Had the judgment of January 26, 1973 incorporated the attorneys' fees and disbursements ultimately allowed, interest would normally have run from that date. Berger was out-of-pocket the sums he had expended for paraprofessionals and accountants; he also had an "account receivable" for "work, labor and services". Furthermore, had such a judgment been paid when entered, he would have had the use (and possibly the enjoyment) of $413,845.25 on which he could undoubtedly have obtained 6% or much more.
 
 
 6
 Principles of equity are basic to the award of counsel fees in this type of case; these principles should be equally applicable to the amount and payment thereof.
 
 
 7
 The mandate should thus be amended to include allowance of 6% interest from January 26, 1973 on attorneys' fees in the amount of $333,073.25 and on disbursements of $80,772.25 paid for employment of paraprofessionals and accountants.