Mary–Louise N. ALBAHARY, Patricia N. Gilbertson, Dawn B. Norton, J. Harwood Norton, Nancy S. Norton, Norton–Lazenby Partnership, and Janet N. Sonstroem

v.

CITY AND TOWN OF BRISTOL, CONNECTICUT.

Civil Action No. 3:94cv1891 (JBA).

United States District Court,
D. Connecticut.

March 23, 2000.

Michael A. Zizka, Michael C. Harrington, Murtha, Cullina, Richter & Pinney, Hartford, CT, for Mary-Louise N. Albahary, Patricia N. Gilbertson, Dawn B. Norton, J. Harwood Norton, Nancy S. Norton, Norton-Lazenby Partnership and Janet N. Sonstroem, Plaintiffs.

Ben M. Krowicki, Bingham Dana, Hartford, CT, Kent Ian Scott–Smith, Bingham Dana, Hartford, CT, Sara Discepolo, South Boston, MA, for City & Town of Bristol, Conn., defendant.

Mark P. Kindall, Attorney General's Office, Hartford, CT, for State of Connecticut, movant.

*RULING ON PLAINTIFFS' MOTION FOR ORDER DIRECTING PAYMENT OF INTEREST ON AWARD OF ATTORNEYS' FEES*

*[DOC. # 84]*

ARTERTON, District Judge.

In this motion, Plaintiffs seek an order that Bristol pay them postjudgment inter-

est pursuant to 28 U.S.C. § 1961 on the Court's award of attorneys fees from the date this Court entered its original judgment (September 29, 1998) through the date this attorney fees award is/has been paid in full. While Defendant Bristol does not contest that Plaintiffs are entitled to "some post-judgment interest," *see* Def.'s Opp'n at 1 and 3, it contends the post-judgment interest should be calculated as of September 29, 1999, the date the Court quantified Plaintiffs' entitlement to attorneys' fees and costs. *See* Ruling on Plaintiffs' Petition for Recovery of Fees and Costs (Doc. # 80). The issue presented by this motion is from which date post-judgment should be calculated.

## Chronology of Events

On September 29, 1998, by its Memorandum of Decision, the Court concluded "that defendant is liable for plaintiffs' attorneys fees and costs to compensate plaintiffs for pursuing their RCRA claim in this action,"[1] pursuant to 42 U.S.C. § 6972(e) [Resources Conservation and Recovery Act] and directed plaintiffs to file a petition for attorney fees and costs with the appropriate documentation no later than October 30, 1998. Also, on September 29, 1998, judgment entered against defendant requiring it to pay a civil penalty, supply potable water to plaintiffs' land and indemnify plaintiffs or subsequent owners for certain third party environmental claims. *See* Doc. # 60. While the September 29, 1998 judgment is silent as to the Court's award of attorney fees, such clerical error of omission is of no significance since the Court had unequivocally awarded attorneys fees by its Memorandum of Decision.[2]

On September 30, 1999, the Court quantified its previous award of attorneys fees in the amount of $124,691.00 and costs in the amount of $4,479.42 for a total award of $129,170.42. *See* Doc. # 80. On October 22, 1999, the Supplemental Judgment on Attorney's Fees entered reflecting this quantification.

## Legal Standard

Postjudgment interest is governed by 28 U.S.C. § 1961, which provides in pertinent part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment. . . .

The phrase "any money judgment" includes a judgment awarding attorneys' fees. *See MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc.,* 962 F.2d 1470, 1476 (10th Cir.1992) ("Treating an attorneys' fees award the same as we would any other money judgment. . . ."); *Foley v. City of Lowell, Mass.,* 948 F.2d 10 (1st Cir.1991); *Mathis v. Spears,* 857 F.2d 749, 760 (Fed.Cir. 1988).

## Discussion

While it is clear that Section 1961 sets the measuring point for calculating postjudgment interest as the "entry of judgment," it is an open question in the Second Circuit whether interest runs from the date of the judgment establishing the right to the award of attorneys fees or from the date of the judgment establishing its quantum. *Cf. City of Detroit v. Grinnell Corp.,* 575 F.2d 1009 (2d Cir.1977) (amending mandate on nunc pro tunc basis to permit plaintiff 6% interest on award of attorneys fees from date of first judgment even though amount of attorneys fees was reduced in two subsequent appeals). One court in this Circuit has permitted postjudgment interest from the date such fees

---

1. In a footnote, the Court noted: "Any award will be made alternatively under CWA authority as well, but will not provide duplicative reimbursement." *See* Memorandum of Decision at n. 80 (Doc. # 60).

2. Fed.R.Civ.P. 60(a) provides: "Clerical mistakes in judgments, orders or parts of the record and error therein arising from oversight omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders."

were awarded notwithstanding the fact that they awaited quantification, *see e.g., Williamsburg Fair Housing Committee v. Ross–Rodney Housing Corp.,* 599 F.Supp. 509, 522 (S.D.N.Y.1984) (awarding post-judgment interest from date of Court's 1983 order awarding attorneys fees even though fees and costs were not quantified until 1984), while another district court has concluded "interest should run from the final determination of fees." *Collins v. Stolzenberg,* 970 F.Supp. 303 (S.D.N.Y. 1997).

The differing approaches employed by these two district courts reflect the split among the five circuits that have directly addressed this issue. The majority approach by the Fifth, Eighth, and Federal Circuits concludes that interest should accrue from the date the party becomes entitled to the award even if that award is not quantified until a later point. *See Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319 (5th Cir.1995); *Jenkins by Agyei v. State of Missouri,* 931 F.2d 1273 (8th Cir.1991); *Mathis v. Spears,* 857 F.2d 749 (Fed.Cir.1988). This approach was first articulated lay the Fifth Circuit in *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983) and utilizes the following two-part test:

> If a judgment is rendered that does not mention the right to attorneys' fees and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys' fees, and the allowance of fees, is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment.

*Id.* at 545.

While the fee-paying party is under no legal compulsion to satisfy its obligation before quantification, it also "suffers no prejudice from any delay in quantifying the award because it has use of the money in the interim and because the statutory interest rate is tied to the U.S. Treasury Bill rate." *Jenkins,* 931 F.2d at 1277. As the Federal Circuit observed, such approach "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Mathis,* 857 F.2d at 760.

The minority approach of the Seventh and Tenth Circuits reasons that interest should only run from the date of quantification since before then the plaintiff's claim for unpaid attorney's fees is unliquidated and therefore is not a "money judgment" for purposes of Section 1961. *See MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc.,* 962 F.2d 1470, 1476 (10th Cir.1992) *Fleming v. County of Kane,* 898 F.2d 553, 565 (7th Cir.1990). These circuits rely on the language of the Supreme Court in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990): "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of damage and the payment by the defendant." (internal citations omitted). The minority approach reasons that the "[k]ey to the *Kaiser* holding is the date damages are 'ascertained' in a meaningful way." *MidAmerica Fed. Sav. & Loan Ass'n,* 962 F.2d at 1476. Thus, the Tenth and Seventh Circuits have concluded that before the award of such fees are quantified, these fees are "unliquidated" and therefore not "meaningfully ascertained." *Id.; Fleming v. County of Kane,* 898 F.2d 553, 565 (7th Cir.1990).

However, as the Fifth Circuit astutely observed in *Louisiana Power,* 50 F.3d at 332, *Kaiser* did not directly address this issue since in *Kaiser,* the Supreme Court refused to calculate interest from the date of an original judgment because the party had no entitlement to damages as of that date since that judgment had been subsequently invalidated on appeal. In contrast, here, Plaintiffs were found to be

entitled an award of attorneys fees and costs as of the September 29, 1998 judgment, and at no time since that point has that judgment been invalidated or otherwise challenged on appeal. *Cf. City of Detroit v. Grinnell Corp.*, 575 F.2d 1009, 1010 ("Principles of equity are basic to the award of counsel fees ...; these principles should be equally applicable to the amount and payment thereof.")

After carefully considering the two approaches and in the absence of any binding precedent from the Second Circuit, this Court adopts the majority approach outlined in *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir.1995); *Jenkins v. State of Missouri*, 931 F.2d 1273 (8th Cir.1991); *Mathis v. Spears*, 857 F.2d 749 (Fed.Cir.1988). Therefore, the Court awards Plaintiffs postjudgment interest on the award of attorneys fees and costs calculated from September 29, 1998 until payment is/was received. While the Court appreciates that the Defendant judgment debtor bears no responsibility for the delay in quantifying the amount of attorneys fees awarded, other than vigorously opposing Plaintiffs' petition, in the interim, however Defendant suffered no actual prejudice since it had use of this money and is only accruing an interest liability at the U.S. Treasury Bill rate.[3] *See* 28 U.S.C. § 1961(a).

### Conclusion

For the reasons set forth above, the Court amends the September 29, 1998 judgment nunc pro tunc pursuant to Fed. R.Civ.P. 60(a) to reflect its earlier Memorandum of Decision awarding entitlement to attorneys fees and costs. Plaintiff's Motion for an Order Directing Payment of Interest of Award of Attorney's Fees [doc. # 84] is GRANTED. Plaintiffs are therefore entitled to postjudgment interest pursuant to 18 U.S.C. § 1961 on the Court's

---

**3.** Although Plaintiff's Motion (Doc. # 84) states "[p]resently the federal statutory rate of interest is approximately 4.5%...." the statutory rate is 4.730%, which is "equal to the equivalent coupon issue yield of the average

award of attorney fees calculated from September 29, 1998 until payment was/is received.

IT IS SO ORDERED.

---

accepted auction price for the last auction [September 15, 1998] of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment [September 29, 1998]." 28 U.S.C. § 1961(a).