**AMERITEK, INC., Plaintiff,**

v.

**CAROLINA LASERCUT CORP., Defendant.**

**No. 2:93CV00419.**

United States District Court, M.D. North Carolina, Greensboro Division.

Nov. 14, 1994.

Jack W. Floyd, Robert Vickers Shaver, Jr., Floyd, Allen and Jacobs, Greensboro, NC, for Ameritek, Inc.

---

Bynum M. Hunter, Gregory Gerald Holland, Smith Helms Mulliss & Moore, Greensboro, NC, William T. Rifkin, Mary Spalding Burns, Rockey Rifkin and Ryther, Chicago, IL, for Carolina Lasercut Corp.

## MEMORANDUM OPINION

OSTEEN, District Judge.

This action involves allegations of patent infringement. Plaintiff Ameritek, Inc. has filed a Motion to Amend the Complaint, seeking to add a claim for infringement of a newly issued patent. For the reasons stated herein, Plaintiff's Motion to Amend the Complaint will be denied.

## I. BACKGROUND

On July 15, 1993, Plaintiff Ameritek, Inc. filed this action against Defendant Carolina Lasercut Corp. ("CLC") seeking injunctive relief and damages for CLC's alleged infringement of U.S. Patent No. 5,211,084 held by Ameritek. Simply stated, the '084 patent covers a process in which a "steel rule die" is created by cutting slots in metal plates using a laser. The '084 patent has 10 claims. Ameritek alleges that CLC has infringed the '084 patent by manufacturing and selling products made through the patented process. Substantial discovery has taken place with respect to this claim, and a trial date has been set for April 3, 1995.

On August 2, 1994, Ameritek was issued U.S. Patent No. 5,333,519 for a steel rule die and method. The '519 patent is a continuation of the '084 patent and contains 27 claims. Ameritek now seeks to amend the complaint to add a claim for infringement of the '519 patent. Ameritek alleges that the activities of CLC which infringe the '084 patent also infringe the '519 patent.

## II. DISCUSSION

■ Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a complaint "shall be freely given when justice so requires." Disposition of a motion to amend is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). A motion to amend may be denied where the motion has been unduly delayed or where allowing the amendment would unduly prejudice the defendant. *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 483 (1988). However, absent prejudice, the mere fact that an amendment is offered late in a case is not enough to bar it. *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir.1984).

■ In the case at bar, the complaint cannot be amended to add the second infringement claim without prejudice to CLC. Ameritek asserts that addition of the claim for infringement of the '519 patent will not cause prejudice, because both patents at issue involve substantially similar concepts and therefore no additional discovery is needed with respect to the '519 patent. However, this argument loses its force when CLC's potential defenses are considered. First, CLC will attempt to show that the '519 patent is invalid because each of the asserted claims of the patent is anticipated or obvious. Because the '519 patent contains 27 claims, which appear to differ in some aspects from the 10 claims contained in the '084 patent, addition of a claim for infringement of the '519 patent would substantially increase the burden on CLC at the very end of the discovery period.[1] Second, and more important, CLC plans to raise a defense of inequitable conduct[2] to the '519 patent, arguing that Ameritek failed to disclose relevant pri-

---

1. The discovery period in this case was originally scheduled to end on September 30, 1994, but was extended to November 30, 1994. However, the order extending the discovery period specifically stated that the extension "shall not delay trial," which is scheduled to begin April 3, 1995. The addition of an infringement claim for a patent which contains new and potentially different claims than the original patent-in-suit may require CLC to conduct additional discovery, which at this late date is likely to delay trial.

2. "Applicants for patents are required to conduct themselves with candor in their dealings with the PTO. Thus, if an applicant withholds material information from the PTO with intent to affect the allowance of claims, the applicant may be found guilty of inequitable conduct and the patent obtained would be rendered unenforceable." *LaBounty Mfg., Inc. v. United States Int'l Trade Comm.*, 958 F.2d 1066, 1070 (Fed.Cir.1992).

or art during the prosecution of the patent. *See Fox Indus., Inc. v. Structural Preservation Sys., Inc.,* 922 F.2d 801, 803–804 (Fed. Cir.1990). Proper pursuit of this defense requires that, at the very least, the attorneys involved in the prosecution of the patent be deposed. In any event, it is clear that this defense cannot be properly and fully presented without further discovery. Forcing CLC to defend a newly added claim for infringement of the '519 patent when less than five months remain before trial would be unduly prejudicial.

Ameritek also argues that allowance of its motion to amend would promote judicial economy. This argument fails on two counts. First, allowance of the amendment would effectively prevent CLC from bringing any dispositive motions with respect to the '519 patent. Less than five months remain before trial of this matter, and it is unlikely that CLC could conduct discovery and fully brief a dispositive motion on the defenses it intends to raise to the '519 patent in that time frame. Second, resolution of the claim for infringement of the '084 patent may do away with the need to adjudicate the validity of the '519 patent. Ameritek claims that both patents are infringed by the same acts of CLC. If the court finds that those acts in fact infringe the '084 patent, the acts will be enjoined and the question of validity and infringement of the '519 patent need not be reached.

Indeed, judicial economy dictates that the motion to amend be denied. Should Ameritek fail to carry its burden with respect to the '084 patent, it can file a second action for infringement of the '519 patent. Ameritek could request, and the court could order, that relevant discovery from this matter be used in the second action. This course of action would not prejudice either party, and would allow both parties the opportunity to conduct additional discovery and bring dispositive motions concerning the '519 patent. In light of these facts, the court finds that Ameritek's amendment cannot be granted without prejudice to CLC, and therefore Ameritek's Motion to Amend the Complaint will be denied.

## III.   CONCLUSION

For the reasons stated herein, Plaintiff Ameritek, Inc.'s Motion To Amend the Complaint will be denied.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.