**TIDEWATER PATENT DEVELOPMENT COMPANY, Incorporated, Appellant,**

v.

**K. M. KITCHEN and Virginia M. Kitchen, Partners trading as K. M. Kitchen Beauty Supply Company, Appellees.**

**No. 13391.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 7, 1970.

Decided Feb. 5, 1970.

Albert H. Brodkin, New York City, on brief for appellant.

Richard B. Spindle, III, Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., Samuel J. Stoll, Robert S. Stoll, Doris S. Hoffman, and Stoll & Stoll, New York City, on brief for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge.

When this case was before this Court earlier [1] the District Court was directed to award counsel fees to the defendant, the prevailing party. Accordingly, the District Court determined and awarded counsel fees of $37,660 for services rendered in the District Court and in this Court, together with reimbursement of expenses incurred in the amount of $27,411.69. The plaintiff, against whom the judgment for the counsel fees and expenses ran, asserts that the burden of the payment of the counsel fees and the expenses had not been undertaken by the nominal defendant, and that the real clients of the lawyers are not parties

1. Tidewater Patent Development Company v. Kitchen, 4 Cir., 371 F.2d 1004.

within the meaning of 35 U.S.C.A. § 285.

The plaintiff filed this action for alleged infringement of a patent against one of the vendees of Middlebrooke-Lancaster, Inc. and E. Frederics, Inc., the manufacturers and suppliers of the material and the method which allegedly infringed the plaintiff's patents. Middlebrooke-Lancaster, Inc. and E. Frederics, Inc. promptly came to the defense of their customer. They undertook the defense of the action and assumed its management and control, and, of course, undertook the burden of compensation of counsel. The action had been brought by the plaintiff for the purpose of asserting its patent claims against Middlebrooke-Lancaster, Inc. and E. Frederics, Inc. after correspondence with them, and their control and management of the defense was open and fully known to the plaintiff, and, of course, to the nominal defendant. As such, an adverse judgment would have been fully binding upon Middlebrooke-Lancaster, Inc. and E. Frederics, Inc., as well as upon their customer, Kitchen, the purely nominal defendant.[2]

Under the circumstances, we think Middlebrooke-Lancaster, Inc. and E. Frederics, Inc., the only parties on the defendant's side with any substantial interest in, and with absolute control of, the defense, were parties within the meaning of 35 U.S.C.A. § 285.

This situation is not comparable to that presented in Zenith Radio Corporation v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, and the result here is not controlled by that decision.

The award of reasonable attorneys' fees incurred by them, together with a sum to reimburse the attorneys for their out-of-pocket expenses, is affirmed.

Affirmed.

2. Souffrant v. LaCompagnie des Sucreries, 217 U.S. 475, 30 S.Ct. 608, 54 L. Ed. 846; E. I. duPont de Nemours v. Sylvania Industrial Corporation, 4 Cir., 122 F.2d 400; Bros. Inc. v. W. E. Grace Mfg. Co., 5 Cir., 261 F.2d 428.