**AUTOMATED BUSINESS COMPANIES, INC.,** Plaintiff–Appellant,

v.

**NEC AMERICA, INC., Defendant–Appellee,**

and

**Tandy Corporation, Defendant.**

No. 99–1316.

United States Court of Appeals, Federal Circuit.

Jan. 28, 2000.

David Fink, of Houston, Texas, argued for plaintiff-appellant. With him on the brief was Timothy W. Johnson.

Kathi A. Cover, Sidley & Austin, of Dallas, Texas, argued for defendant-appellee. With her on the brief was Dale B. Nixon.

Before MICHEL, PLAGER, and BRYSON, Circuit Judges.

PLAGER, Circuit Judge.

Automated Business Companies, Inc. ("ABC") sued NEC America, Inc. ("NEC America") for patent infringement in the United States District Court for the Northern District of Texas. After summary judgment of non-infringement was granted, NEC America moved to sanction ABC. The district court awarded attorney fees to NEC America pursuant to 35 U.S.C § 285. *See Automated Bus. Co. v. NEC Am., Inc.,* No. 4:98–CV–619–A (N.D.Tex. Feb. 8, 1999). ABC appeals

from the award of attorney fees. Because the district court did not abuse its discretion or otherwise reversibly err in granting the award for attorney fees, we affirm.

## BACKGROUND

ABC is the owner of U.S. Patent No. 4,837,797 ("the '797 patent"), entitled "Electronic Message Unit and Methods Using Same." The patent generally concerns facsimile machines that can distinguish between a voice call and a fax call. The ability to distinguish between voice and fax calls is a critical limitation of the claims of the patent. On July 17, 1998, ABC filed a complaint in district court against NEC America, alleging that NEC America infringed, induced infringement, and contributorily infringed at least claim 1 of the '797 patent by offering for sale, manufacturing, and selling NEC's NEFAX 790 facsimile machines.

The district court ordered the parties to prepare a joint status report and meet face-to-face to discuss settlement of the action before submitting the status report. As ordered, the parties met on October 20, 1998. Representatives of ABC, NEC America, and three representatives from NEC Corporation of Japan ("NEC Corp.") were in attendance. [A30A–B]. NEC Corp. is the parent company of NEC USA, Inc., which is the parent company of the defendant, NEC America. At the meeting, ABC's attorney asserted that the basis for ABC's allegation of infringement of the '797 patent was a description of the NEFAX 790 in the Buyers Laboratory, Inc.'s facsimile specification guide. The guide indicated that the NEFAX 790 had the capability to distinguish between voice and fax calls. NEC's representatives responded by demonstrating that the information in the guide was incorrect. The NEFAX 790 machine, as well as the NEFAX 880 machine, had been replaced by the NEFAX 791 machine. NEC's representatives also demonstrated to the satisfaction of ABC that the replacement NEFAX 791 product did not have the ability to distinguish between voice and fax calls.

After the meeting, ABC stipulated that the NEFAX 790, 880 and 791 machines did not infringe the '797 patent. However, when asked by NEC America to dismiss the case with prejudice, ABC refused and proposed that the case either be dismissed without prejudice or that discovery should continue to determine whether other NEC products might infringe.

NEC America subsequently filed for summary judgment of noninfringement of the '797 patent by the NEFAX 790, NEFAX 791 and NEFAX 880 machines. In its response to NEC America's motion for summary judgment, ABC admitted that the NEFAX 790, 791, and 880 products do not infringe any claim of the '797 patent and did not oppose the dismissal of ABC's claims as to those products. [A87]. However, ABC argued that its action against NEC America should remain docketed in order for ABC to determine whether any other NEC product might infringe its patent. The district court rejected ABC's argument and granted summary judgment in favor of NEC America. [A88]. See *Automated Bus. Co. v. NEC Am., Inc.*, No. 4:98–CV–519–A (N.D.Tex. Dec. 18, 1998).

Soon after it filed for summary judgment, NEC America filed a motion for sanctions. NEC America alleged three bases for sanctions: 1) that ABC and its counsel failed to perform an adequate pre-filing investigation of the facts as required by Fed.R.Civ.P. 11; 2) that pursuant to 28 U.S.C. § 1927, ABC and its counsel initiated and maintained the lawsuit for an improper purpose; and 3) that the case was exceptional under 35 U.S.C. § 285 due to the conduct of ABC and its counsel in filing and pursuing a baseless lawsuit. The district court found in favor of ABC on NEC America's first two theories for sanctions, but found against ABC on the third theory. The district court determined that under 35 U.S.C. § 285, "circumstances demonstrate[d] that the litigation was baseless" and the case was therefore exceptional for purposes of 35 U.S.C. § 285. *Automated Bus. Co. v.*

*NEC Am., Inc.,* No. 4:98–CV–519–A (N.D.Tex. Feb. 8, 1999). Because the case was exceptional, the court determined that an award of attorney fees under that section was warranted.

In response to a court order directing it to submit documentation for determining the amount of the award for attorney fees, NEC America submitted a statement of fees that included invoices generated by Sidley & Austin, lead counsel for NEC America, and McLean & Sanders, local counsel for NEC America. The invoices described the work performed by attorneys at the two firms for the purpose of defending NEC America against ABC's lawsuit. Certain of the invoices were addressed to NEC Corp. As noted, NEC Corp. is the parent company of NEC USA, Inc., which is the parent company of NEC America. In addition, NEC Corp. is the original equipment manufacturer of the NEFAX fax machines. The district court awarded NEC America attorney fees in the amount of $33,912.50. Included in the calculation for the award were the attorney fees that were billed to NEC Corp.

On appeal, ABC only challenges the amount of the district court's award of attorney fees under 35 U.S.C. § 285. ABC does not challenge the district court's finding that the case was exceptional or the discretionary decision to award fees, but only contends that the award of attorney fees should not have encompassed fees incurred by NEC America's grandparent company, NEC Corp.

## DISCUSSION

■ The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the discretion of the district court. *See Mathis v. Spears,* 857 F.2d 749, 754, 8 USPQ2d 1029, 1033 (Fed.Cir.1988). To show that the district court abused its discretion, ABC must convince us that the district court based its award on clearly erroneous factual findings, legal error, or a manifest error of judgment. *See PPG Indus., Inc. v. Celanese Polymer Specialties Co.,* 840 F.2d 1565, 1567, 6 USPQ2d 1010, 1013 (Fed.Cir.1988).

■ 35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The purpose of the statute has been described by this court as "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Central Soya Co. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1578, 220 USPQ 490, 493 (Fed.Cir.1983). In addition, § 285 serves as a deterrent to "improper bringing of clearly unwarranted suits" for patent infringement. *Mathis,* 857 F.2d at 754, 8 USPQ2d at 1033.

■ According to ABC, the invoices sent to NEC Corp. should not have been included in the calculation of NEC America's attorney fee award because NEC America did not pay those invoices. Only the fees actually paid by the prevailing party, NEC America, not NEC Corp., should have been included in the calculation. In support of its position, ABC cites *Tidewater Patent Development Co. v. Kitchen,* 421 F.2d 680, 164 USPQ 385 (4th Cir.1970).

In *Tidewater,* the manufacturer of an accused infringing product came to the aid of its vendee who had been accused of infringing. The manufacturer directed and assumed the full cost of the litigation. The Fourth Circuit approved the award of attorney fees to the prevailing party, the defendant, under § 285, even though the manufacturer, who was not a named party, had paid for the defense of the case. Instead of supporting ABC's position, *Tidewater* actually stands for the proposition that full attorney fees may be awarded even if an unnamed party assumed the legal expenses for a named party. ABC attempts to distinguish the facts of this case from those of *Tidewater,* arguing that unlike the manufacturer in *Tidewater,* NEC Corp. did not assume control of the case. However, ABC does not dispute that NEC Corp. paid for the legal fees associated with defending the action below, nor does ABC dispute that NEC Corp. was a participant in the settlement meet-

ing on October 20, 1998. Thus, ABC's attempt to distinguish this case from *Tidewater* fails. In any event, *Tidewater* is not binding precedent on this court. For purposes of an award of attorney fees under § 285, the degree of participation or control by NEC Corp. is not a critical factor.

 In determining the compensatory quantum of an award under § 285 in an egregious case, courts should not be, and have not been, limited to reimbursement of only those amounts actually paid by the injured named party. *See Mathis*, 857 F.2d at 754, 8 USPQ2d at 1033. In a case such as this in which a company's closely related, grandparent company assisted in the defense of an infringement action properly deemed exceptional and assumed some of the legal expenses, the company is no less due an award of attorney fees for the total amount it would have paid had it defended against the action on its own. The terms under which NEC America arranged for payment of at least some of its legal fees with NEC Corp. is not relevant in such a case.

## CONCLUSION

Because there was no abuse of discretion or other error in the district court's award of full attorney fees to NEC America pursuant to 35 U.S.C. § 285, the order awarding fees is

*AFFIRMED.*

## COSTS

Appellant ABC shall bear the costs of this appeal.