REYNA, Circuit Judge,
dissenting, with whom RADER, Chief Judge, joins in parts I — II, and with whom MOORE, O’MALLEY and WALLACH, Circuit Judges, join in full.
I dissent from the court’s refusal to consider en banc the proper standard of *1363 review governing exceptional case determinations under 35 U.S.C. § 285. The majority decision is incorrect in presuming it appropriate for us to invade the fact finding province of the lower court.[1] Sitting as a three judge panel, the Highmark majority shifts our standard of review from the deferential clear error standard to de novo review when assessing whether infringement allegations are objectively baseless. Until now, we have treated all aspects of § 285 determinations as issues of fact and we have repeatedly emphasized the importance of deferring to the trial judge who is intimately familiar with the litigation and has observed all case developments — factual, legal, evidentiary, or otherwise — before ruling on a motion for attorneys’ fees. As explained below, this court now adopts an erroneous approach that disregards binding precedent, misunderstands the deference owed to the factual findings of the district court, and overstates the significance of § 284 authority.
I
In the proceedings below, the district court awarded an accused infringer attorneys’ fees, expert fees, and costs after it prevailed on a motion for summary judgment of non-infringement. See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1307-09 (Fed.Cir.2012). The award of fees followed the district court’s declaration that the case was exceptional. Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 706 F.Supp.2d 713, 738 (N.D.Tex.2010). The district court explained that the patentee’s allegations of infringement were frivolous, id. at 727-29, and also found that the patentee impermissibly shifted its claim construction positions throughout the course of the proceedings, made improper arguments on the issues of res judicata and collateral estoppel, and made misrepresentations to the transferor court in connection with a motion to transfer venue. Id. at 733-36. On appeal, this court reversed the district court’s findings with regard to litigation misconduct and reversed the award of attorneys’ fees for one of the two independent claims because it determined as a matter of law that the infringement claim was not objectively baseless.
Our case law regarding § 285 is a well-established “two-step process.” Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327-28 (Fed.Cir.2003). As relevant here, the first step is for a prevailing party to establish by clear and convincing evidence that the case is “exceptional.” Id. at 1327. In Brooks Furniture, we explained that a showing of exceptionality can be made only if (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. Brooks Furniture Mfg., Inc. v. Dutailier Int’l, Inc., 393 F.3d 1378, 1381 (Fed.Cir.2005) (relying on Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993)). Thus, orneases consistently required a two-prong analysis assessing both the objective reasonableness of the losing party’s positions and the losing party’s subjective intent.
This court routinely reviews lower courts’ § 285 rulings in patent cases, and we have consistently done so by reversing only in instances of clear error. E.g., Eon-Net LP v. Flagstar Bancorp., 653 F.3d 1314, 1323-24 (Fed.Cir.2011) (“[W]e review the court’s exceptional case finding for clear error.”); ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368, 1380 (Fed.Cir.2009) (affirming the district court’s ex *1364 ceptional case findings because they were not clearly erroneous); Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352, 1357-58 (Fed.Cir.2008) (explaining that the “court did not clearly err in finding [the] case exceptional”); see also Forest Labs., 339 F.3d at 1328 (emphasizing that this court reviews a trial “court’s factual findings, including whether the case is exceptional, for clear error”). In reviewing for clear error, we have noted that district courts are owed a “high level of deference,” Wedgetail, Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1305 (Fed.Cir.2009) (internal citation omitted), because “[w]hether a ease is ‘exceptional’ in accordance with 35 U.S.C. § 285, is a question of fact.” Brasseler, U.S.A. v. Stryker Sales Corp., 267 F.3d 1370, 1378 (Fed.Cir.2001); see also Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1304 (Fed.Cir.2009) (discussing the determination of whether the case is exceptional as “a question of fact”).
The purpose underlying 35 U.S.C. § 285 is to compensate a prevailing party for its monetary outlays in the prosecution or defense of the suit. See Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed.Cir.1983). Congress authorized awards of attorney fees to prevailing defendants “to enable the court to prevent a gross injustice to an alleged infringer.” S.Rep. No. 1503, 79th Cong., 2d Sess. (1946), reprinted in 1946 U.S.Code Cong. Serv. 1386, 1387; see also Mathis v. Spears, 857 F.2d 749, 758 (Fed.Cir.1988). Thus, the exceptional case determination is bound up with whether a court will “make whole a party injured by an egregious abuse of the judicial process.” Mathis, 857 F.2d at 758 (citing Hall v. Cole, 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973)).
Against this backdrop, the two-judge Highmark majority alters the standard of review for a patent-specific statute without accounting for the litany of precedential decisions applying the clear error standard to the objective and subjective exceptional case inquiries. This departure constitutes an issue of great importance and I desire en banc action to examine — with the input of the full court — whether our prior precedent should be overruled. Preminger v. Sec’y of VA, 517 F.3d 1299, 1309 (Fed.Cir.2008) (citing Sacco v. Dep’t of Justice, 317 F.3d 1384, 1386 (Fed.Cir.2003) (holding that a prior precedential decision on a point of law cannot be overruled or avoided unless the court sits en bake)).
II
The principle of stare decisis tasks courts with abiding by, or adhering to, decided cases. Accord Hubbard v. United States, 514 U.S. 695, 711, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995) (Scalia, J., concurring). Stare decisis is the preferred course because it “promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) (internal citation omitted); see also In re Bilski, 545 F.3d 943, 993-94 (Fed.Cir.2008), aff'd but criticized on other grounds, Bilski v. Kappos, — U.S. —, 130 S.Ct. 3218, 177 L.Ed.2d 792 (2010) (noting the judicial obligation to respect the principles of stare decisis). The Supreme Court suggests that governing decisions should only be set aside where the applicable rule of law is “unworkable” or “badly reasoned.” Payne, 501 U.S. at 827, 111 S.Ct. 2597.
We have a duty today and every day to yield to settled rules in our jurisprudence. Even a cursory review of our cases reveals that we have clearly set forth a deferential standard of review and we have routinely communicated to litigants and lower courts that we will review all § 285 findings for clear error. Here, the established prece *1365 dent is especially wise, and should not be disturbed because it respects the enduring balance between the trial judge and the appellate panel in carrying out their distinct responsibilities. E.g., Salve Regina College v. Russell, 499 U.S. 225, 233, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (noting that established standards of deference for appellate review of district-court determinations reflects “an accommodation of the respective institutional advantages of trial and appellate courts”).
The Highmark decision casually sets aside binding precedent that was neither unworkable nor badly reasoned. While we may be tempted to view ourselves as best-positioned to weigh whether a given party’s claim construction or infringement positions are objectively reasonable, in doing so, we fallaciously presume that we can neatly separate intertwined issues of law and fact. As the Supreme Court teaches, however, “[mjaking such distinctions is particularly difficult” since there is no “rule or principle that will unerringly distinguish a factual finding from a legal conclusion” in the context of attorney fee awards. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); see also Highmark, 687 F.3d at 1322 (Mayer, J., dissenting) (recognizing that implementing a de novo standard of review for questions of objective baselessness will “undoubtedly spawn unneeded litigation over which issues in a section 285 determination are issues of fact, which are issues of law, and which are mixed questions of law and fact”).
Instead of applying de novo review to a mixed question of law and fact, I would abide by the Supreme Court’s guidance and continue to apply the clear error standard to a trial court’s informed judgment. See Salve Regina College, 499 U.S. at 233, 111 S.Ct. 1217 (explaining that a “deferential review of mixed questions of law and fact is warranted when it appears that the district court is better positioned than the appellate court to decide the issue in question or that probing appellate scrutiny will not contribute to the clarity of legal doctrine”) (internal citations omitted); see also Cooter & Gell, 496 U.S. at 402, 110 S.Ct. 2447 (“[T]he district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11”). This path more closely tracks the § 285 statutory goals such as deterring suits that a district court finds are “clearly unwarranted.” Automated Business Cos. v. NEC Am., Inc., 202 F.3d 1353, 1355 (Fed.Cir.2000); see also Mathis, 857 F.2d at 754, 758.
Nowhere is the mixed nature of objective baselessness conclusions more apparent than when courts accept the testimony of experts to assist in making legal determinations. The inherent complexity of patent cases almost always requires expert testimony on questions of infringement and validity, and this testimony certainly bears upon whether a litigant’s position is objectively baseless. I am persuaded that we tread too far by declining any deference to lower court conclusions that may turn on, or be informed by, how a skilled artisan would understand the claims.[2] In my view, the judge presiding over claim construction, summary judgment, and trial is uniquely positioned to refer back to earlier proceedings when parsing through whether or not a party was objectively *1366 reasonable in litigating a particular claim or the case as a whole. Even when we attempt to “look backwards” and “consider the record as a whole,” see Highmark, 687 F.3d at 1310-11, this court is not on equal footing with the district court in weighing determinative facts, especially in the context of expert opinions. Salve Regina College, 499 U.S. at 233, 111 S.Ct. 1217 (recognizing a trial court’s superior fact finding ability and demanding that due regard be given to a trial court in judging the credibility of the witnesses).
Ill
I take particular issue with the majority’s overstated reliance on developments in the willful infringement context in order to dictate a less deferential standard of review in deciding whether it is proper to award attorneys’ fees. The majority does not make even a veiled attempt to premise its decision on applicable § 285 cases. Instead, it manipulates two inapposite § 284 cases in order to unnecessarily extend de novo review.[3] See Highmark, 687 F.3d at 1309.
First, the majority quotes Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., 682 F.3d 1003, 1007 (Fed.Cir.2012), which held that objective recklessness in a willfulness determination is subject to de novo review even though the “ultimate question of willful infringement has long been treated as a question of fact.” Id. at 1006-07 (internal citations omitted). Despite the puzzling conclusion in Bard that we can transform a question of fact into a mixed question of law and fact in order to exclude a jury from deciding what conduct is reasonable, I am aware of no Supreme Court or en banc authority requiring us to apply the same standard of review for § 285 as we do in § 284. Even assuming Bard was correctly decided, in the absence of a compelling reason or explanation to further extend Bard’s directive allowing questions of fact to masquerade as questions of law, I caution against upsetting the equilibrium we have achieved in reviewing exceptional case determinations.
I consider the two standards of review to be distinct questions, in part, because the posture by which the two questions reach this court is not the same. Both before and after our decision in In re Seagate, the question of willful infringement [4] has frequently been submitted to a jury as a question of fact. See i4i Ltd. P’ship v. Microsoft Corp., 598 F.3d 831, 858 (Fed.Cir.2010) (“Here, the question of willfulness was submitted to the jury. Microsoft does not dispute that the jury instructions were proper under [Seagate ].”). The same is not true in the § 285 context. *1367 By contrast, the exceptional case determination has always been a factual question answered by the trial judge based on that judge’s review of objective and subjective circumstances that emerged throughout the course of the entire litigation.[5] Now, as before, trial judges are still being asked to answer a single question — “Is this case exceptional?” — except we now refuse to give their objective baselessness findings any deference. We tie the trial court’s hand if we render it mute in the face of such questions. I do not read Bard to compel a shift in our standard of review for exceptional case issues and I consider it unnecessary to apply two different standards of review to answer one overriding question.
In addition to relying on Bard, the Highmark majority suggests that Powell v. Home Depot, 663 F.3d 1221, 1236 (Fed.Cir.2011) supports its newly-adopted standard of review. This reliance is misplaced because Powell’s actual treatment of the § 285 issues is inconsistent with the standard of review applied in Highmark. In Powell, both § 284 and § 285 determinations were discussed, yet Highmark ignores that the standards of review were not the same. See Powell, 663 F.3d at 1229. Notably, while the Powell willful infringement discussion distinguished when an accused infringer’s reliance on a particular defense is a question for the court instead of the jury, it never attempted to extend this analysis to the exceptional case discussion. See id. at 1236-37. To the contrary, Powell affirmed all of the district court’s exceptional case findings after reiterating our well-established clear error review for all aspects of the exceptional case determination. Powell, 663 F.3d at 1229, 1241 (“A district court’s finding that a case is ‘exceptional’ within the meaning of 35 U.S.C. § 285 is reviewed for clear error.”). I do not read Powell to support the conclusion in Highmark and I am left without any basis to determine that the majority was justified in importing the § 284 standard of review to exceptional case inquiries.

. Many of the issues I raise herein have previously been addressed in Judge Mayer’s well-crafted dissent. I share in full my colleague's views in this particular case. See generally Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1319-24 (Fed.Cir.2012).

. For example, in a situation where the objective baselessness allegations are premised on a finding that certain claims were insolubly ambiguous pursuant to 35 U.S.C. § 112, ¶ 2, a trial judge may dismiss all or part of the case based on a showing that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art. See Haemonetics Corp. v. Baxter Healthcare Corp., 607 F.3d 776, 783 (Fed.Cir.2010). In *1366 such a case, it is entirely possible that this decision would be reached through reliance on expert testimony. We as an appellate court cannot adequately, if at all, assess credibility of such testimony because the witness is not before us in person. We should thus limit our intervention to instances of clear error.

. Highmark does not incorporate the discussion in iLOR v. Google which equated the objective baselessness standard for enhanced damages and attorneys' fees and the objective recklessness standard for willful infringement actions. See iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed.Cir.2011). Even so, iLOR does not state that we are departing from a clear error standard of review for § 285. Indeed, even after we decided iLOR, we continued to review the trial court’s objective baselessness findings for clear error. See Eon-Net, 653 F.3d at 1324, 1326 (assessing the reasonableness of the plaintiff's claim construction positions under the clear error standard) (citing iLOR, 631 F.3d at 1378-79).

. Following In re Seagate, the § 284 inquiry has been (1) whether there was clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) whether the infringer knew or should have known of the objectively high risk. Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d *1367 1296, 1312 (Fed.Cir.2010) (citing In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed.Cir.2007) (en banc)).

. The Seagate decision "left it to future cases to further develop the application of [the willful infringement] standard.” 497 F.3d at 1371. While I share Judge Mayer's concerns that Bard, was wrongly decided pursuant to a three judge panel unilaterally shifting the appropriate standard of review, see Highmark, 687 F.3d at 1321, I note that at least Bard attempted to bolster its reasoning with a recent § 284 en banc decision. The same is not true in the Highmark case, where the § 285 standard of review was altered without reference to binding Supreme Court or en banc authority discussing the unique purpose of 35 U.S.C. § 285.